Dear Honorable Mike Reynolds
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
 1. Are records of expenses incurred by legislators in the performance of their official duties or authorized actions and reimbursed to them subject to disclosure pursuant to the Oklahoma Open Records Act, if the request for disclosure is made to the Oklahoma State Senate or the Oklahoma House of Representatives, respectively?
 2. Are records of expenses incurred by employees of the Legislature in the performance of their official duties or authorized actions and reimbursed to them subject to disclosure pursuant to the Oklahoma Open Records Act, if the request for disclosure is made to the Oklahoma State Senate or the Oklahoma House of Representatives, respectively?
 3. With respect to the expenditures referred to in Questions 1 and 2, if the records are subject to disclosure by each chamber of the Legislature, would copies of those records given to the Office of State Finance as part of its claims processing function also be subject to disclosure?
 4. Are communications among members of the Legislature, whether in written or electronic form, subject to disclosure pursuant to the Oklahoma Open Records Act?
 5. Are communications to or from members of the Legislature, whether in written or electronic form, and third parties (someone other than another legislator) subject to disclosure pursuant to the Oklahoma Open Records Act?
 6. Are communications to or from members of the legislative staff, whether in written or electronic form, and third parties subject to disclosure pursuant to the Oklahoma Open Records Act?
 I. Records of Legislator Reimbursed Expenses
¶ 1 You first ask whether records of expenses incurred by legislators in the performance of their official duties or authorized actions and reimbursed to them are subject to disclosure under the Oklahoma Open Records Act, if the request for disclosure is made to the Oklahoma State Senate or the Oklahoma House of Representatives, respectively.
¶ 2 Generally, most documents and records of state government not specifically made confidential or privileged are open to public inspection under the Oklahoma Open Records Act ("Act") (51 O.S. 2001 Supp. 2007,§§ 24A.1 — 24A.29). The Legislature has stated the public policy and purpose of the Act to be, in pertinent part:
 As the Oklahoma Constitution recognizes and guarantees, all political power is inherent in the people. Thus, it is the public policy of the State of Oklahoma that the people are vested with the inherent right to know and be fully informed about their government. . . . The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power. . . . Except where specific state or federal statutes create a confidential privilege, persons who submit information to public bodies have no right to keep this information from public access nor reasonable expectation that this information will be kept from public access; provided, the person, agency or political subdivision shall at all times bear the burden of establishing such records are protected by such a confidential privilege.
51 O.S. 2001, § 24A.2[51-24A.2].
¶ 3 As used in the Act:
 "Record" means all documents, including, but not limited to, any book, paper, photograph, microfilm, data files created by or used with computer software, computer tape, disk, record, sound recording, film recording, video record or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property.
51 O.S.Supp. 2007, § 24A.3[51-24A.3](1) (emphasis added).
"Public official" means any official or employee of any publicbody[.]
Id. § 24A.3(4).
 "Public body" shall include, but not be limited to, any office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees, or subcommittees thereof. Except for the records required by Section 24A.4 of this title, "public body" does not mean judges, justices, the Council on Judicial Complaints, the Legislature, or legislators[.]
Id. § 24A.3(2) (emphasis added). This means that records in Section 24A.4 are considered to be records of a public body. Section 24A.4 states:
 [E]very public body and public official has a specific duty to keep and maintain complete records of the receipt and expenditure of any public funds reflecting all financial and business transactions relating thereto, except that such records may be disposed of as provided by law.
51 O.S. 2001, § 24A.4[51-24A.4].
¶ 4 Therefore, for purposes of the expense records about which you ask, "the Legislature, or legislators" are considered a public body and public officials, respectively, governed by the provisions of the Act. As a public body and public officials, respectively, "the Legislature, or legislators" must make records of expense reimbursements available.Id.
¶ 5 Accordingly, records of expenses incurred by legislators in the performance of their official duties or authorized actions and which are reimbursed to them are subject to disclosure pursuant to the Act from any public body that has the records. Thus, such records are available under the Act whether in the custody, control or possession of an individual Legislator, legislative staff or the Office of State Finance.
 II. Records of Legislative Employees Reimbursed Expenses
¶ 6 You next ask whether records of expenses incurred by employees of the Legislature in the performance of their official duties or authorized actions and reimbursed to them are subject to disclosure pursuant to the Act, if the request for disclosure is made to the Oklahoma State Senate or the Oklahoma House of Representatives, respectively. Under the Act, employees of a public body are also "public officials." Id. § 24A.3(4). Because we determined in Part I above that such records of expenses of legislators would be subject to public disclosure, then in like manner the same records of expenses incurred by employees of the Legislature in the performance of their official duties and which are reimbursed to them are also available under the Act as long as such records are in the public body's custody, control or possession. See 51 O.S. 2001 Supp.2007, §§ 24A.3(2); 24A.4.
 III. Records Held by the Office of State Finance
¶ 7 You next ask, if the records of expenses incurred by legislators and employees of the Legislature and reimbursed to them are subject to disclosure by each chamber of the Legislature, would copies of those records given to the Office of State Finance as part of its claims processing function also be subject to disclosure? In Attorney General Opinion 95-68, we opined that copies of employee service ratings received by the Office of Personnel Management ("OPM") to determine statutory[1]
compliance are records of the employing agency. Id. at 175. Further, we stated that if the employing agency has exercised its discretion so that its employee service ratings are confidential, they do not lose their confidential status upon a copy being furnished to OPM for its review. Thus, OPM cannot release employee service ratings furnished by an employing agency unless it is informed by the agency that these records are not confidential. Id.
¶ 8 Because records of expenses incurred by legislators and employees of the Legislature in the performance of their official duties or authorized actions and which are reimbursed to them are subject to disclosure pursuant to the Act, copies of such records given to the Office of State Finance as part of its claims processing function are also subject to disclosure.
 IV. Communications Among Legislators
¶ 9 Your fourth question asks, are communications among legislators, whether in written or electronic form, subject to disclosure pursuant to the Act? As discussed in Part I above, the Act's definition of "public body" does not include "the Legislature, or legislators" except for financial records pursuant to Section 24A.4. Therefore, the Act does not require the disclosure of communications among members of the Legislature, whether in written or electronic form. See 51 O.S.Supp.2007, § 24A.3[51-24A.3](2).
 V. Legislator Communications With Third Parties
¶ 10 Your fifth question asks whether communications to or from legislators, either in written or electronic form, and third parties (someone other than another legislator) are subject to disclosure pursuant to the Act. Because "the Legislature, or legislators" are not within the Act's definition of "public body," the Act cannot be used to require the disclosure of written or electronic communications with third parties in the possession of "the Legislature, or legislators." However, a copy of a written or electronic communication "created by" a third-party public body or official and sent to a legislator would be a record of the third-party public body or official subject to the Act in its custody, control or possession. A written or electronic communication from a legislator sent to a third-party public body or official would become a "record" of the public body or official upon being "received by" the public body or official and thereby become subject to the Act. 51O.S.Supp. 2007, § 24A.3[51-24A.3](1), (2).
¶ 11 In some instances, such written or electronic communications in the Legislature's custody, control or possession may also be subject to disclosure if they fall within the purview of the following statute:
 A. The records and journals of each house of the Legislature required by the Constitution of Oklahoma to be kept and preserved reflecting the yea or nay vote of each member entered in all votes taken by the Legislature or the disclosure of any personal or private interest in any measure or bill pending before the Legislature shall be available, at all reasonable times, to inspection by the public.
 B. The records and files of the Legislature, not otherwise provided by law to be open to public inspection, shall be confidential and privileged and may be released for public consumption only upon approval by the presiding officer of each house
respectively.
73 O.S. 2001, § 73[73-73] (emphasis added). Whether a particular record received by a public body from a legislator may also be a confidential and privileged record of "the Legislature" under Section 73, is a question of fact which cannot be answered by an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 VI. Legislative Staff Communications With Third Parties
¶ 12 You last ask if communications to or from members of the legislative staff, whether in written or electronic form, and third parties are subject to disclosure pursuant to the Act. To the extent that the written or electronic communications of legislative staff are within the scope and duties as employees of the Legislature, then the same status would attach to those written or electronic communications to or from third parties as discussed in Part V above for legislators. Therefore, a written or electronic communication from an employee of the Legislature would become a "record" upon being "received by" a third-party public body or official and thereby become subject to the Act. A copy of a written or electronic communication "created by" a third-party public body or official and sent to an employee of the Legislature acting within his or her scope and duties as an employee of the Legislature would be a record of the public body under the Act in the custody, control or possession of the creating agency.
¶ 13 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Records of expenses incurred by legislators in the performance of their official duties or authorized actions and which are reimbursed to them are subject to disclosure pursuant to the Oklahoma Open Records Act regardless of which public body is asked for the records, as long as such records are in the public body's custody, control or possession. See 51 O.S. 2001 Supp. 2007, §§ 24A.3(2), 24A.4.
 2. Records of expenses incurred by employees of the Legislature in the performance of their official duties or authorized actions and which are reimbursed to them are subject to disclosure pursuant to the Oklahoma Open Records Act regardless of which public body is asked for the records, as long as such records are in the public body's custody, control or possession. See 51 O.S. 2001 Supp. 2007, §§ 24A.3(2), 24A.4.
 3. Because records of expenses incurred by legislators and employees of the Legislature in the performance of their official duties or authorized actions and reimbursed to them are subject to disclosure pursuant to the Act, copies of such records given to the Office of State Finance as part of its claims processing function are also subject to disclosure once within that office's custody, control or possession. See 51 O.S.Supp. 2007, § 24A.3(2); A.G. Opin. 95-68, at 175.
 4. The Oklahoma Open Records Act does not require disclosure of communications among members of the Legislature, whether in written or electronic form. 51 O.S.Supp. 2007, § 24A.3(2).
 5. Because "the Legislature, or legislators" do not come within the Open Record Act's definition of "public body" — except for records of receipt of expenditures of public funds under 51 O.S. 2001, § 24A.4[51-24A.4] — the Oklahoma Open Records Act does not require the disclosure of written or electronic communications with third parties in the possession of "the Legislature or legislators." However, a copy of a written or electronic communication "created by" a third-party public body or official and sent to a legislator would be a record of the creating public body or official subject to the Oklahoma Open Records Act in its custody, control or possession. A written or electronic communication from a legislator sent to a third-party public body or official would become a "record" upon being "received by" the public body or official and thereby become subject to the Act in the custody, control or possession of the third-party public body or official. 51 O.S. 2001, § 24A.3(1), (2). Whether a particular record received by a public body or official from a legislator may also be a confidential and privileged record of "the Legislature" is a question of fact which cannot be answered by an Attorney General Opinion. See 73 O.S. 2001, § 73(B); 74 O.S. 2001, § 18b(A)(5).
 6 A written or electronic communication from an employee of the Legislature would become a "record" upon being "received by" a third-party public body or official and thereby become subject to the Oklahoma Open Records Act in the custody, control or possession of the third-party public body or official. 51 O.S. 2001, § 24A.3(1), (2). Similarly, a copy of a written or electronic communication "created by" a third-party public body and sent to an employee within his or her scope and duties of the Legislature would be a record of the public body subject to the Act in the custody, control or possession of the creating agency. Id. Whether a particular record "received by" a public body or official from an employee acting in the scope and duties of the Legislature may also be a confidential and privileged record of "the Legislature" is a question of fact which cannot be answered by an Attorney General Opinion. See 73 O.S. 2001, § 73(B); 74 O.S. 2001, § 18b(A)(5).
W.A. DREW EDMONDSON
Attorney General of Oklahoma
JOHN CRITTENDEN
Assistant Attorney General
[1] Pursuant to 74 O.S.Supp. 1995, § 840-4.17[74-840-4.17](F). *Page 1